UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF  NEW YORK

_____

LARRY A. FEATHERLY,

                              Plaintiff

                                                              DECISION AND ORDER

-vs-
                                                              10-MC-6010 CJS

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                              Defendant.

_____

APPEARANCES

For the Plaintiff:            Mark M. McDonald, Esq.
                              Bond and McDonald
                              91 Genesee Street
                              Geneva, New York 14456

For the Defendant:            John J. Field, Esq.
                              Assistant United States Attorney
                              100 State Street
                              Rochester, New York 14614

INTRODUCTION

This is an action seeking an order directing the Commissioner of Social Security

("Commissioner" or "Defendant") to provide a prompt determination on Larry Featherly's

("Plaintiff") application for Supplemental Security Income ("SSI") benefits, and to pay

Plaintiff interim benefits.

PROCEDURAL HISTORY

On January 31, 2005, Plaintiff applied for SSI benefits.  On July 19, 2005,

Defendant denied the application.  Plaintiff requested and received an impartial hearing

before an Administrative Law Judge ("ALJ"), and on September 3, 2008, the ALJ issued

a decision finding that Plaintiff is not disabled.  Specifically, the ALJ found, at step four of

the five-step sequential analysis for evaluating disability claims, that Plaintiff was capable of performing his past relevant work. (Defendant's Memo of Law, Exhibit 1, ALJ's Decision at 14). On October 30, 2008, Plaintiff appealed to the Appeals Council. On November 10, 2009, Plaintiff wrote to Defendant to ask about the status of his appeal. On November 13, 2009, Defendant responded that the appeal was "pending" in "Br. 17." On January 8, 2010, Plaintiff again wrote to Defendant to ask about the appeal, and Defendant responded that the letter had been forwarded to "Chief of Br. 17." To date, the Appeals Council has not issued a decision.

On February 23, 2010, Plaintiff commenced this action, citing *Sharpe v. Sullivan*, 1990 WL 4016 (S.D.N.Y. 1990) and *Sharpe v. Heckler*, 1985 WL 2898 (S.D.N.Y. 1985). On March 24, 2010, Defendant responded, indicating that "*Sharpe* does not provide judicial relief to an individual such as the Plaintiff, who has received a hearing decision, and is awaiting Appeals Council review of his decision." (Defendant's Response [#5] at 2). Defendant argues that Plaintiff's motion is therefore moot. Defendant further argues that the Court cannot award Plaintiff interim benefits, since the Social Security Act does not provide for such benefits under the facts of this case.

On March 30, 2010, Plaintiff filed a reply [#7]. Plaintiff states that while Defendant may be technically correct that *Sharpe* does not apply in this case, it nevertheless "offers a procedural guide for the Plaintiff's requested relief determination and supports the proposition that the district court may provide the relief requested." (Reply [#7] at 1). Plaintiff further indicates that injunctive relief is appropriate where Defendant is guilty of "unreasonable delay." Additionally, Plaintiff's counsel states that on March 9, 2010, he was contacted by an employee of "Branch 17 of the Appeals Council," who indicated that

"the Council had no appeal documentation concerning [Plaintiff's] appeal." (Reply Affirmation [#7-2] at ¶ 3). The Appeals Council employee further asked Plaintiff to provide "the legal arguments and additional medical evidence that was submitted on the appeal." On March 9, 2010, Plaintiff's attorney re-submitted the appeal information to the Appeals Council. On these facts, Plaintiff argues that but-for his commencement of this action, he "would have been waiting in vain for a decision from the Appeals Council as they did not have any of [his] appeal documentation in its possession prior to 3-09-10." (Pl. Reply Memo at 3). Plaintiff adds that, "[u]nder the circumstances, it does not appear that an award of interim benefits would be unreasonable." (*Id.*).

STANDARDS OF LAW

42 U.S.C. § 1383(c)(1)(A) provides, in pertinent part, that after any unfavorable decision regarding SSI benefits, the Commissioner shall, upon request, provide "reasonable notice and opportunity for a hearing with respect to such decision." Such provision entitles claimants "to a hearing within a reasonable time." *See, Heckler v. Day*, 467 U.S. 104, 108, 104 S.Ct. 2249, 2252 (1984) (Interpreting 42 U.S.C. § 405(b), an analogous provision concerning Social Security Disability Insurance ("SSDI") benefits). Injunctive relief, imposing deadlines on the Commissioner, may be appropriate "to remedy individual violations of § 405(b)." *Id.*, 467 U.S. at 119, 104 S.Ct. at 2257, n. 33 ("We make clear that nothing in this opinion precludes the proper use of injunctive relief to remedy individual violations of § 405(b)."). A delay is "per se unreasonable [where] it involve[s] years of inaction." *Butts v. Barnhart*, 416 F.3d 101, 105 (2d Cir. 2005).

In this case, at the outset Plaintiff's request for interim benefits must be denied, since he has not demonstrated that he is disabled. *See, Butts v. Barnhart*, 416 F.3d at 103 ("[A]bsent a finding that the claimant was actually disabled, delay alone is an insufficient basis on which to remand for benefits.") (citation omitted).

As for the Commissioner's delay in rendering a final decision, Plaintiff initially applied for benefits on January 31, 2005, over five years ago. On October 30, 2008, Plaintiff appealed to the Appeals Council, and at present he has been waiting approximately eighteen months for a decision. Defendant has not offered any explanation for the Appeals Council's delay, although, according to Plaintiff, it appears that it is because the Council lost Plaintiff's paperwork. The Court will direct that Defendant provide an explanation for the Appeals Council's delay within ten days of the date of this Decision and Order.

## CONCLUSION

For the reasons discussed above, Plaintiff's application [#1] is denied insofar as it requests an award of interim benefits. The Court reserves decision on the rest of the application. Defendant is directed to provide the Court with a written explanation for the Appeals Council's delay in issuing a decision on Plaintiff's appeal. Defendant shall file and serve such explanation within ten days of the date of this Decision and Order.

So Ordered.

Dated: Rochester, New York
    May 3, 2010

ENTER:

/s/ Charles J. Siraugsa
CHARLES J. SIRAGUSA
United States District Judge